# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JACK FINLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DUN & BRADSTREET CORP, and ) <br> THE DUN & BRADSTREET ) <br> CORPORATION RETIREMENT ) <br> ACCOUNT, ) <br> ) <br> Defendants. ) | No. 05 C 5134 <br><br> Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Jack Finley ("Plaintiff") has filed a lawsuit against Dun & Bradstreet Corp., and The Dun & Bradstreet Corporation Retirement Account ("D&B" or "Defendants") challenging Defendants' 1997 pension plan conversion. Plaintiff alleges that Defendants have violated the Employment Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 *et seq.*, by converting its pension from a traditional plan to a cash balance plan. Plaintiff seeks relief on behalf of himself and all others who have participated both in the former and current plan. Finley is a resident of Illinois, and Defendants are incorporated in Delaware and have their principal place of business in New Jersey. Before the Court is Defendants' motion, pursuant to 28 U.S.C. § 1404(a), to transfer the matter to the federal district court of New Jersey. After carefully balancing private and public interest factors, we find that the interests of justice are best served by transferring Plaintiff's claims to the District of New Jersey.

## Facts

D&B is a Delaware Corporation with its principal place of business in New Jersey. Plaintiff, a resident of Illinois, began his career with Defendants in 1978 and until his position was "spun off" in 2001, he participated each year in Defendants' retirement plan. D&B's traditional pension plan, the Master Retirement Plan or ("MRP"), was converted to a cash balance plan January 1, 1997. (Compl. ¶ 21.) There are nearly 5,000 putative class members who reside in Illinois, New Jersey, New York, and Pennsylvania. (Def's Mot. to Transfer at 2; James Geoghan Affidavit ¶ 6.) Fewer than four percent of the class members are located in Illinois. (*Id.*) The plan administrator and the plan sponsor for the new plan are located in New Jersey at D&B headquarters. The plan is governed by and construed according to federal law, as well as New York law, but only where such laws are not preempted by federal law. (*Id.* at Ex. A.)

## Discussion

The Court may "[f]or the convenience of parties and witnesses [and] in the interest of justice ... transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § ("section") 1404(a). A district court may transfer a case where: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses, and the interests of justice. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). In a motion for transfer, the defendant bears the burden of overcoming the strong presumption that the plaintiff's forum of choice is the most convenient. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633 (7th Cir. 2003); *Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). To meet this burden, a defendant must show that the private

interests of the parties and the public interests of the court are best served in an alternative forum. *Truserv*, 6 F. Supp. 2d at 793. Private interest factors to be considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (4) the convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum. *Id.* Public interest factors include: (1) the relationship between the forum community and the subject of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets. *Id.*

**Proper Venue**

The parties agree that venue is proper both in Illinois and New Jersey. For a corporation, venue is proper in its state of incorporation, in any state which it is licensed to do business, and in any state where it is doing business. 28 U.S.C. § 1391(c). Illinois is proper because Defendants are doing business in Illinois and are subject to personal jurisdiction in Illinois. Likewise, Defendants are subject to personal jurisdiction in New Jersey, as it is D&B's principal place of business. Specifically under ERISA, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plan is administered in New Jersey, the breach occurred in Illinois, New Jersey, New York, and Pennsylvania, and Defendants' headquarters are in New Jersey. Thus, under ERISA, venue is also proper in either the Northern District of Illinois or the District of New Jersey.

The only question before us is whether District of New Jersey is significantly more convenient than the Northern District of Illinois for the parties, the witnesses, and the interests of

justice. We will weigh each of the private and public interest factors separately to determine whether D&B has met its burden.

**Plaintiff's Choice of Forum**

The plaintiff's choice of forum is generally accorded great deference, particularly where, as here, the plaintiff has chosen its home forum. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). This factor would usually weigh heavily against transfer. However, the deference shown a plaintiff's choice of forum is diminished where, as here, Plaintiff is a representative of a class. *See e.g. Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997)(stating that because "plaintiff alleges a class action, plaintiff's home forum is irrelevant.") Plaintiff's choice thus becomes "simply one factor among many to be considered." *Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D. Ill. 1997).

Plaintiff argues that his choice of forum is entitled not to a diminished standard, but to a heightened deference because this is an ERISA case. In the context of an ERISA case, the plaintiff's choice of forum is sometimes afforded substantial deference. This special consideration is given because Congress intended to protect the integrity of the benefit plans by allowing the plaintiff-fund a more efficient way to collect delinquent contributions. *Central States v. Madison Cartage Co.*, No. 86 C 8705, slip op. at 3 (N.D. Ill. May 4, 1987). The fund's assets would be compromised "if [they] were forced to prosecute every action in the district where the employer resided," since "this could cause considerable hardship and expense to the fund (and its ultimate beneficiaries)." *Id.* In that context, the interests of justice are promoted where the transaction costs of the employee benefit funds are minimized.

Defendants agree that in certain ERISA situations, courts are less likely to disturb a plaintiff's forum choice. However, Defendants contend that the heightened deference does not apply in the instant matter. We agree. The fund is not the plaintiff as it was in the cases where heightened deference was appropriate, nor is it trying to collect delinquent contributions from employers. The Plaintiff, here, is suing his employer for issues that arose when the employer converted the pension plan from and MRP to a cash balance plan. Moreover, Plaintiff brings his claim on behalf of a putative class, the vast majority of whom are located in New Jersey, New York, and Pennsylvania, and for these reasons, Plaintiff's choice of forum will be just one factor that is considered in contemplation of a transfer.

## Situs of Material Events

The deference given to a plaintiff's choice of forum is also diminished where the situs of material events occurred in the alternative forum. *Pansophic Sys, Inc. v. Graphic Computer Serv., Inc.*, 736 F. Supp. 878, 880–81 (N.D. Ill.1990). D&B contends that because the decision to convert the plan was in New Jersey and the conversion itself occurred in New York, the situs of material events do not weigh in favor of Illinois. Plaintiff avers that although the decision and conversion did happen in the New Jersey area, Defendants offer no explanation as to why the District of New Jersey is a more appropriate court. Finley opines that unlike in a tort case where the location is important to see, in the instant matter, the parties will merely be exchanging documents and the situs is of no particular consequence.

In his complaint Finley claims that Defendants have violated ERISA because they: (1) did not notify plan participants that their benefits would be reduced; (2) failed to provide participants

with a summary plan description about their new benefits; (3) conditioned the amount of benefits payable; (4) reduced the rate of accruals based on a participants age; and (5) failed to correctly inform participants of their pensions. All of the alleged missteps occurred in New Jersey where the plan is administered. The plan change was approved and the decisions and consulting took place in either Connecticut where the plan was based prior to 1996, or in the New Jersey area. Thus, as Plaintiff's choice of forum is further diminished, this factor weighs in favor of transfer.

## Access to Proof

D&B argues that transfer is appropriate because most of the records and documents relating to the pension plan change are located in the New Jersey and New York areas. Also, D&B contends that most of the witnesses surrounding the plan's administration and conversion are located in the New Jersey area and the power to compel such non-party individuals is much stronger by a New Jersey district court. Moreover, the cost to transport these key individuals is substantially more if the matter were to remain in Illinois.

Finley states that this case that is largely based on documents, which can be easily transported to any court. He offers that when the location of documents and records are at issue, the moving party must explain that there is some particular hardship to transfer the documents to the Plaintiff's forum choice. *Bohara v. Backus Hosp. Med. Ben. Plan*, 390 F. Supp. 2d 957, 963 (D. Cal. 2005).

Although Defendants do not highlight the particular difficulty in transporting the documents the proof exists beyond the documents. There are individuals that were apparently integral in the pension plan decisions that may need to appear in court and Defendants have sufficiently asserted that it is more practical to access the witness if the case were in the New Jersey district court. While

they undoubtedly could be compelled to come to Illinois, that would be costly and time-consuming. Further, the number of such individuals in all probability is quite large. This factor weighs significantly in favor of transfer.

## Convenience for Witnesses

Party witnesses are generally assumed to be under the control of the party and thus their voluntary appearance in court is assumed. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp.2d 1052, 1059 (N.D. Ill.2002). As a result, non-party witnesses are more crucial to the question of the convenience of a forum. *Id.*

D&B has identified former decision-makers at D&B, as well as representatives from the law firm who consulted D&B, as potential witnesses that will need to be present in a courtroom. However, D&B fails to inform us why the individuals' testimony is material or even that they would be unwilling to submit themselves in the Court of the Northern District of Illinois. Accordingly, this factor does not favor transfer.

## Convenience of the Parties

Litigating a lawsuit in one's home forum is naturally more convenient than litigating in a foreign forum, and thus D&B must show that "transfer would do more than merely transform an inconvenience for one party into an inconvenience for the other party." *Brandon Apparel*, 42 F. Supp. 2d at 834.

D&B suggests that litigating the claims in Illinois would create a financial hardship for over half of the class members because they do not reside in Illinois. D&B also states that there are

several individuals from its corporate headquarters that would need to be available and would be inconvenienced if they were forced to travel to Chicago for the pendency of the trial. Plaintiffs contend that testimony from the putative class members will not be needed, and therefore fifty-seven percent of the class would actually not be inconvenienced as Defendants suggest. On the other hand, Finley will be needed in court and if he was forced to litigate in New Jersey, he would be inconvenienced.

Where financially insecure individuals facing lawsuits from well-funded corporations or a corporation for whom litigation away from home presented unique hardships that would destroy the company, financial hardship will come into play. *See Truserv*, 6 F. Supp. 2d at 794; *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998); *Courtesy Carribean v. Aquilar*, No. 95-C1786, 1995 WL 549127, at *3 (N.D. Ill. Aug. 31, 1995). D&B has not apprised the Court of its current financial status and has not argued that litigating the case in Illinois will lead to its ruin. Furthermore, Finley has not proclaimed that he will face any unique hardships beyond inconvenience. In short, D&B has not demonstrated that transfer would do more than exchange D&B's inconvenience for Finley's and where both parties are equally inconvenienced, the plaintiff choice is given more regard. *In re: National Presto Indus., Inc*, 347 F.3d 662, 665 (7th Cir. 2003). We find that this factor slightly tips in favor against transfer.

### Ability of Court to Apply Law

This case is brought under federal statute and therefore subject to federal law. Although in the plan it states that New York law will apply where it is not preempted by federal law, the district

court in either Illinois or New Jersey is equally able to apply federal law. The parties agree that this factor does not weigh in favor of either side.

**Congestion of Docket**

D&B argues that, according to the court's case profiles, the District of New Jersey is less congested than the Northern District of Illinois. (Defs.' Mot. Trf. Ex. E.) Plaintiff contends that although the caseload is slightly higher in the Northern District of Illinois, it is not enough to justify transfer.

The caseloads are, in fact, higher in Illinois and the time from filing to disposition or trial are also protracted in the Northern District of Illinois. A longer road to disposition or trial will only increase the expenses of both parties, and trying the case in the Northern District of Illinois will further clog an already congested court. Thus, this factor favors transfer.

**Interest of States in Outcome of the Litigation**

Both Illinois and New Jersey have interest in allowing their residents a forum in which to resolve disputes. The pension plan is administered in New Jersey, but affects residents from Illinois, New Jersey, New York, and Pennsylvania. However, the plan itself will be directly affected, as will the vast majority of the beneficiaries, by a court ruling on the propriety of the amendments to the plan. This factor slightly favors a transfer to New Jersey.

After carefully reviewing each of the important factors, we must balance to determine the most appropriate forum in which to resolve this dispute. We believe that D&B has sufficiently

established that the interests of justice are best served by transferring this matter to the District of New Jersey.

## Conclusion

For the foregoing reasons, Defendants' Motion to Transfer Plaintiff's Complaint is granted. This case is hereby transferred to the United States District Court for New Jersey. It is so ordered.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: **MAR 3 0 2006**